UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SYLVESTER THOMAS,

    Plaintiff,

v.    Case No. 09-C-1009

PATRICIA MCMAHON and THEODORE NANZ,

    Defendants.

**ORDER**

Plaintiff Thomas, who is confined at the Wisconsin Resource Center ("WRC") under a civil commitment as a sexually violent person, *see* Wis. Stat. ch. 980, has filed an action under 42 U.S.C. § 1983 claiming that his constitutional rights have been violated. He asks this Court to grant certain motions to dismiss that he filed in his Chapter 980 proceedings, and more generally he challenges the evidence used to have him committed under that Chapter. He has sued the judge involved as well as his attorney.

Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. And because he is under a Chapter 980 commitment, as opposed to a sentence for a crime, the Prisoner Litigation Reform Act ("PLRA"), which, *inter alia*, requires payment of the full filing fee over time, does not apply. *West v. Macht*, 986 F. Supp. 1141, 1142-43 (W.D. Wis. 1997). Plaintiff's affidavit establishes indigence, and so the motion will be granted.

Though individuals who are involuntarily committed, rather than convicted, are not deemed prisoners under the Prison Litigation Reform Act, I nevertheless maintain a duty to "screen" all complaints to ensure that they comply with the Federal Rules of Civil Procedure and that they state at least plausible claims for which relief may be granted.  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

It is clear that Plaintiff is seeking relief that is available only in habeas corpus proceedings. This court does not have the authority to enter orders or grant motions to dismiss in completed or pending state cases.  Moreover, the laws governing habeas relief in federal court require a petitioner to first exhaust any state remedies before coming to federal court.  28 U.S.C. § 2254(b). Accordingly, the motion to proceed *in forma pauperis* is **GRANTED** (meaning that the filing fee is waived), but the other motions are **DENIED** and the complaint is **DISMISSED**.

**SO ORDERED** this   2nd   day of November, 2009.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge